IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17CV500

| | |
|---|---|
| LARRY E. LAMBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| NANCY A. BERRYHILL, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the parties' cross motions for summary judgment (# 11, 15). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Court recommends that Plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted.

**I.     Procedural History**

On December 9, 2011, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. (Transcript of Administrative Record ("T.") 21.) Plaintiff alleged a disability onset date of July 1, 2010. (T. 21.) The Social Security Administration denied Plaintiff's claim initially on April 16, 2012. (T. 21.) The claim was denied upon reconsideration on September 5, 2012. (T. 21.) On September 19, 2012,

Plaintiff filed a written request for a hearing. (T. 21.)

On May 1, 2014, a disability hearing was held before another Administrative Law Judge ("ALJ"). (T. 21.) The ALJ issued an unfavorable decision on July 7, 2014, which Plaintiff appealed. (T. 21.) The Appeals Council vacated the July 7, 2014, decision and remanded the case. (T. 21.) In the Remand Order, the Appeals Council directed the ALJ to address the opinions rendered by the state agency psychological consultants in Exhibits 1A and 3A (Exhibit 7A). (T. 21.) The Appeals Council mentioned no additional errors. (T. 21.)

Plaintiff appeared and testified at a hearing held on May 17, 2016, in Charlotte, North Carolina. (T. 21.) Tonette Watson-Coleman, a vocational expert ("VE") appeared at the hearing via telephone. (T. 21.) Plaintiff was represented by attorneys Brian M. Ricci and David Lund. (T. 21.) Attorney Lund appeared at the hearing. (T. 21.)

On July 5, 2016, the ALJ issued a decision finding that Plaintiff was not disabled from July 1, 2010, his alleged onset date, through December 31, 2012, the date last insured. (T. 37.) Plaintiff requested review of the ALJ's decision. (T. 9.) On June 21, 2017, the Appeals Council denied Plaintiff's request for review. (T. 9-11.) On August 20, 2017, Plaintiff filed the instant action seeking review of the Commissioner's final decision. See Compl. (# 1)

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

2

which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step sequential evaluation, the Commissioner must consider each of the following, in order: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the listing of impairments contained in Appendix 1 of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. § 404.1520; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's RFC. Mascio, 780 F.3d at 635. After determining the

3

claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony from a VE, who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

**III. The ALJ's Decision**

In his July 5, 2016, decision, the ALJ ultimately found that Plaintiff was not disabled under sections 216(i) and 233(d) of the Social Security Act. (T. 37.) In support of this conclusion, the ALJ made the following specific findings:

(1) The claimant last met the insured status requirements of the Social Security Act on December 31, 2012.

4

(2) The claimant did not engage in substantial gainful activity during the period from his alleged onset date of July 1, 2010 through his date last insured of December 31, 2012 (20 C.F.R. § 404.1571 et seq.).

(3) The claimant has the following severe impairments: diabetes mellitus, peripheral neuropathy in the lower extremities, ischemic heart disease, adjustment disorder with depressed mood, and personality disorder (20 C.F.R. § 404.1520(c)).

(4) Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

(5) Through the date last insured, the claimant had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except with no unprotected heights or dangerous machinery; allowance to sit occasionally during the workday; push and pull foot controls occasionally; and simple, routine, repetitive tasks with only one, two, or three step instructions, in settings where there would be only occasional interaction with others in the workplace.

(6) Through the date last insured, the claimant was unable perform his past relevant work (20 C.F.R. § 404.1565).[1]

(7) The claimant was born on April 26, 1963, and he was 49 years old, which is defined as a younger individual age 18-49, on the date last insured. (20 C.F.R. § 404.1563).

(8) The claimant has at least a high school education, and he is able to communicate in English (20 C.F.R. § 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See Social Security Ruling ("SSR") 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

---

[1] The ALJ found that Plaintiff has past relevant work as a CB radio sales repairman and owner operator. (T. 35.)

(10) Through the date last insured, considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he could have performed (20 C.F.R. §§ 404.1569, 404.1569(a)).[2]

(11) The claimant was not under a disability, as defined in the Social Security Act, from July 1, 2010, his alleged onset date, through December 31, 2012, his date last insured (20 C.F.R. § 404.1520(g)).

(T. 21-37.)

## IV. Standard of Review

Title 42, United States Code, Section 405(g) provides that an individual may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's final decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not

---

[2] The VE testified that Plaintiff would be able to perform the requirements of representative occupations such as the following: order caller, work ticket distributor, and inspector/hand packager. (T. 36.)

whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he was not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V. Discussion

### A. The ALJ properly relied on the VE's testimony.

In her first general assignment of error, Plaintiff argues that the ALJ erred by relying on the testimony from the VE that conflicted with the Dictionary of Occupational Titles ("DOT")[3] without first obtaining an explanation. Pl.'s Mem. Supp. (# 12) at 5-12. Relying on Henderson v. Colvin, 643 F. App'x 276, 276-77(4th Cir. 2016) (per curiam), Plaintiff concludes that a remand order is necessary so that the ALJ may obtain an explanation from the VE and then provide a resolution of the apparent conflict in his decision. Pl.'s Mem. Supp. (# 12) at 9. The Court is not persuaded.

Pursuant to SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000), an ALJ has an affirmative duty to elicit an explanation from a VE regarding any "apparent unresolved conflict" between the VE's testimony and the DOT. Id. at *2. SSR 00-4p specifically provides:

> Occupational evidence produced by a VE . . . generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the [ALJ's] duty to fully develop the record, the [ALJ] will inquire, on the record, as to whether or not there is such consistency.

---

[3] The DOT, published by the Department of Labor, gives detailed physical requirements for a variety of jobs. Morgan v. Berryhill, No. 16-1141, 2017 WL 4280787, at *3 n.4 (D. Md. Sept. 27, 2017). While information found in the DOT is not conclusive evidence on the existence of jobs in the national economy, it can be used to create a rebuttable presumption on the matter. Id.

7

> Neither the DOT nor the VE . . . evidence automatically "trumps" when there is a conflict. The [ALJ] must resolve the conflict by determining if the explanation given by the VE . . . is reasonable and provides a basis for relying on the VE . . . testimony rather than on the DOT information.

Id.

In Pearson v. Colvin, 810 F.3d 204 (4th Cir. 2015), the Fourth Circuit Court of Appeals held that the ALJ must resolve apparent conflicts between the VE's testimony and the DOT before relying on the VE's testimony. Id. at 207-09; Best v. Berryhill, No. 4:16-CV-268-D, 2017 WL 6626320, at *1 (E.D.N.C. Dec. 28, 2017). "[T]he ALJ need only identify 'apparent' conflicts—statements that are seeming real or true, but not necessarily so." Gordon v. Berryhill, No. 3:16-CV-130, 2017 WL 5759940, at *4 (W.D.N.C. Nov. 28, 2017) (quotation omitted).

### 1. Simple, routine, repetitive tasks with only one-, two-, or three-step instructions

Plaintiff avers, without any real explanation, that a limitation to "simple, routine, repetitive tasks with only one-, two-, or three-step instructions" conflicts with the DOT's classification of the identified jobs as requiring a GED Reasoning Code 2.[4] Pl.'s Mem. Supp. (# 16) at 7-9.

"There is no direct correlation between the DOT's reasoning levels and a limitation to carrying out simple instructions or performing simple work; thus, jobs requiring an

---

[4] GED reasoning Code 2, on the other hand, requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." Henderson v. Colvin, 643 F. App'x 273, 277 (4th Cir. 2016) (per curiam) (citing DOT). Reasoning Code 2 requires additional reasoning and understanding greater than the ability to complete one-to-two step tasks. Id. (citing Rounds v. Comm'r, 807 F.3d 996, 1003 (9th Cir. 2015)).

individual to perform such work [are] consistent with a DOT reasoning level of either 2 or 3." Davis v. Berryhill, No. 5:16-CV-00016-MR, 2017 WL 4248811, at *3 (W.D.N.C. Sept. 25, 2017) (quotation marks omitted and alteration in original). Moreover, Plaintiff's reliance on Henderson is misplaced because the two cases are factually distinguishable. In particular, in Henderson, the claimant was limited to "one-to-two step instructions," 643 F. App'x at 276, but in the instant case, Plaintiff was limited to one, two, or three- step instructions (T. 27).

In sum, Plaintiff has failed to establish that his limitation to simple, routine, repetitive tasks with only one-, two-, or three-step instructions presented a conflict with the DOT. Therefore, this assignment of error should be overruled.

### 2. Occasional interaction with others

Plaintiff next argues that the ALJ erred by relying on the VE's testimony about the vocational effects of a limitation to "occasional interaction with others." Pl.'s Mem. Supp. (# 16) at 7-8. Plaintiff admits that there is no conflict between the DOT and the VE's testimony. Id. at 9. Plaintiff contends, however, that there is a conflict between the VE's testimony and the Department of Labor's O*Net. Id. at 9-12.

Assuming, arguendo, that the VE's testimony conflicts with the O*Net, there is no requirement that the VE's testimony be consistent with the O*Net.[5] Spurlock v. Berryhill, No. 1:17CV411, 2018 WL 791302, at *8 (M.D.N.C. Feb. 8, 2018); see Fender v. Berryhill,

---

[5] The Occupational Information Network ("O*Net") "is an online database providing hundreds of occupational definitions." Irvine v. Destination Wild Dunes Management, Inc., 106 F. Supp. 3d 729, 734 n.4 (D.S.C. 2015).

9

No. 1:17CV00041-RJC, 2018 WL 1536485, at *4 (W.D.N.C. Mar. 29, 2018) ("The Court does not believe that the ALJ has an affirmative duty to seek out and resolve apparent conflicts between the VE's testimony and O*Net[.]"); Bushaw v. Berryhill, No. 1:17-CV-00192-FDW, 2018 WL 1972711, at *5 (W.D.N.C. April 26, 2018) ("[T]his Court joins other district courts in rejecting Plaintiff's argument and request to impose an obligation on the ALJ unsupported by law."); Webb v. Berryhill, No. 1:17CV341, 2018 WL 2198829, at *6 (M.D.N.C. May 14, 2018) ("[T]here is no requirement that the VE's testimony comply with [the O*Net]."). [6] Accordingly, this assignment of error is overruled.

### B. The ALJ did not err in his evaluation of Plaintiff's VA Disability Rating.

In Plaintiff's second and final general assignment of error, he argues that the ALJ erred in his evaluation of his VA Disability Rating. Pl.'s Mem. Supp. (# 12) at 12-15. In particular, Plaintiff contends that the ALJ's only stated basis for the weight afforded to his VA Disability Rating "is that the Social Security and VA disability regulations use different standards." Id. at 12. The Court is not persuaded.

SSR 06-3p[7] is applicable to the evaluation of Plaintiff's VA Disability Rating. SSR 06-3p, in pertinent part, states:

> [W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 C.F.R. §§ 404.1512(b)(5), 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

---

[6] It does not appear that the presiding District Judge in this case has addressed the issue.
[7] SSR 06-03p was rescinded for claims filed on or after March 27, 2017. Robinson v. Berryhill, No. 1:16-CV-03628-DCN, 2018 WL 746540, at *3 n.2 (D.S.C. Feb. 7, 2018). Plaintiff filed his claim prior to March 27, 2017; thus, SSR 06-03p still applies to this case.

> . . .
>
> Because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies. . . However, the [ALJ] should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

2006 WL 2329939, at *6-7.

In Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337 (4th Cir. 2012), the Fourth Circuit Court of Appeals noted that "under the principles governing [Social Security Administration] disability determinations, another agency's disability determination cannot be ignored and must be considered." Id. at 343 (citation and internal quotations omitted). The Fourth Circuit ultimately held that "a [Veterans Affairs "VA"] disability determination must be accorded substantial weight in Social Security disability proceedings." Id. at 345. The Fourth Circuit further held that "an ALJ may give less weight to a VA Disability Rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." Id. at 343.

In the instant case, the ALJ complied with SSR 06-3p by extensively and properly considering Plaintiff's VA Disability Ratings. (T. 32-34.) ("As for the opinion evidence, I have considered the VA ratings.") First, the ALJ discussed Plaintiff's VA Disability Rating decisions from February 2011 and October 2013. (T. 32.) Next, the ALJ noted that a VA Disability Rating is not a medical opinion, but conceded that disability decisions are evidence that adjudicators must consider (citing SSR 06-03p and 20 C.F.R. §§ 404.1504, 404.1512(b)(5), 416.912(b)(5)). (T. 33.)

Although the ALJ did not give the VA Disability Rating "substantial weight," the ALJ complied with Bird by demonstrating how the VA Disability Rating was entitled to "less weight."[8]

---

[8] Admittedly, the ALJ did not expressly state that the VA Disability Rating was entitled to "less weight" for specific reasons. However, the ALJ's error, if any, was harmless under the

11

In particular, the ALJ went through the numerous ways in which the VA's disability programs differ from the Social Security Administration's disability programs under Titles II and XVI of the Social Security Act. (T. 33.) The ALJ also noted that the VA failed to issue a finding of unemployablility. (T. 34.) Because the ALJ complied with SSR 06-3p and <u>Bird</u>, this assignment of error is overruled.

## VI. Conclusion

In light of the foregoing, the Court RECOMMENDS that Plaintiff's motion for summary judgment (# 11) be DENIED, and the Commissioner's motion for summary judgment (# 15) be GRANTED.

Signed: May 20, 2018

Dennis L. Howell
United States Magistrate Judge

---

circumstances presented. <u>See</u> <u>Fisher v. Bowen</u>, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a [Social Security] case in quest of a perfect opinion [from an ALJ] <u>unless there is reason to believe that the remand might lead to a different result</u>.") (emphasis added).

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal.  See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).